JEROME N. LERCH (CSB #48194)
DEBRA STEEL STURMER (CSB #105276)
LERCH STURMER LLP
333 Bush Street, Ste. 2020
San Francisco, California 94104
Telephone:   (415) 217-6340
Facsimile:   (415) 217-2782

Attorneys for Defendant Silicon Valley Law Group

MICHAEL S. DEVORKIN
JACQUELINE G. VEIT
ALLYSON ALBERT
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
Telephone: 212-907-7300
Facsimile: 212-754-0330
Email: mdevorkin@golenbock.com
Email: jveit@golenbock.com
Email: aalbert@golenbock.com

Attorneys for the Plaintiff,
Gerard A. McHale, Jr., P.A., Liquidation Trustee

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| GERARD A. MCHALE, Jr., P.A., as Liquidation Trustee for the 1031 Debtors Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>SILICON VALLEY LAW GROUP, a California Law Corporation,<br>Defendant. | CASE NO. CV10-4864 JW<br><br>STIPULATION WITH RESPECT TO ROBERT McELROY |

### TRIAL STIPULATION NO. 2

WHEREAS, the Plaintiff has noticed the deposition of Robert McElroy for August 29, 2011, in Richmond, Virginia, and has served a subpoena on Mr. McElroy with respect thereto;

1

STIPULATION

972197.1

WHEREAS, the undersigned parties agree that the fees and expenses in connection with such a deposition can be avoided by entering into this stipulation with respect to certain documents;

THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

1. Mr. McElroy is, and in November 2006 was, a partner in the law firm McGuireWoods, Richmond, Virginia. In November 2006, Timothy Heaphy was also a partner at McGuireWoods and joined the firm in 2006. Mr. Heaphy was an assistant United States Attorney before joining McGuireWoods, and in 2010 left McGuireWoods to become the United States Attorney for the Western District of Virginia and still serves in that capacity.

2. The document attached hereto as Exhibit 1 and marked as Deposition Exhibit 678 (Heaphy 3) and marked with Bates No. MW 1335-1342 is admissible as a business record pursuant to Fed. R. Evid. 803 (5) and (6).

3. The document attached hereto as Exhibit 2 and marked as Deposition Exhibit 679 (Heaphy 4) and marked with Bates No. MW 0026 is admissible as a business record pursuant to Fed. R. Evid. 803 (5) and (6). With respect to the statements to Mr. McElroy recorded in Exhibit 2 (i) these are accurate statements of the statements to Mr. McElroy on the date indicated, and (ii) all parties reserve their rights as to the admission in evidence of the statements in Exhibit 2 made to Mr. McElroy as non-hearsay or an exception to the hearsay rule and as to the relevancy of the evidence, which are reserved for later determination by the Court.

4. The memorandum attached hereto as Exhibit 3 and marked as Deposition Exhibit 680 (Heaphy 5) and marked with Bates No. MW 002-03 is admissible as a business record pursuant to Fed. R. Evid. 803 (5) and (6). With respect to the statements of Mr. Simring recorded in Exhibit 3 (i) these are accurate statements of Mr. Simring's statements to Mr. McElroy on November 21, 2006, and (ii) all parties reserve their rights as to the admission in evidence of Mr.

2

STIPULATION

972197.1

Simring's statements in Exhibit 3 as non-hearsay or an exception to the hearsay rule and as to the relevancy of the evidence, which are reserved for later determination by the Court.

5. The document attached hereto as Exhibit 4 and marked with Bates No. MW 0004 is admissible as a business record pursuant to Fed. R. Evid. 803 (5) and (6). With respect to the statements of Mr. Simring recorded in Exhibit 4 (i) these are accurate transcriptions of the telephone message left by Mr. Simring on November 21, 2006, and (ii) all parties reserve their rights as to the admission in evidence of Mr. Simring's statements in Exhibit 4 as non-hearsay or an exception to the hearsay rule, and to the relevancy of the evidence, which are reserved for later determination by the Court.

6. The document attached hereto as Exhibit 5 and marked as Deposition Exhibit 681 (Heaphy 6) and marked with Bates No. MW 1053-59 is admissible as a business record pursuant to Fed. R. Evid. 803 (5) and (6) to show what Mr. McElroy received from Eric Perkins on November 3, 2006. Nothing in this stipulation is intended to waive any relevancy objection as to the admissibility of Exhibit 5 and the parties stipulate that those objections are reserved for later determination by the Court.

7. The document attached hereto as Exhibit 6 and marked as Deposition Exhibit 682 (Heaphy 7) and marked with Bates No. MW 00937-952 is admissible as a business record pursuant to Fed. R. Evid. 803 (5) and (6) to show what Mr. McElroy received from David Field on December 2, 2006. Nothing in this stipulation is intended to waive any relevancy objection as to the admissibility of Exhibit 6 and the parties stipulate that those objections are reserved for later determination by the Court.

8. The document attached hereto as Exhibit 7 and marked as Deposition Exhibit 683 (Heaphy 8) and marked with Bates No. MW 00851-00887 is admissible as a business record

pursuant to Fed. R. Evid. 803 (5) and (6) to show what Mr. McElroy received from David Field on December 2, 2006.  Nothing in this stipulation is intended to waive any relevancy objection as to the admissibility of Exhibit 7 and the parties stipulate that those objections are reserved for later determination by the Court.

9. The document attached hereto as Exhibit 8 and marked as Deposition Exhibit 684 (Heaphy 9) and marked with Bates No. MW 0060-0066 is admissible as a business record pursuant to Fed. R. Evid. 803 (5) and (6) to show what Mr. McElroy received from David Field on on December 2, 2006.  Nothing in this stipulation is intended to waive any relevancy objection as to the admissibility of Exhibit 8 and the parties stipulate that those objections are reserved for later determination by the Court.

10. The document attached hereto as Exhibit 9 and marked as Deposition Exhibit 685 (Heaphy 10) and marked with Bates No. MW 0277-0298 is admissible as a business record pursuant to Fed. R. Evid. 803 (5) and (6) to show what Mr. McElroy received from David Field on on December 2, 2006.  Nothing in this stipulation is intended to waive any relevancy objection as to the admissibility of Exhibit 9 and the parties stipulate that those objections are reserved for later determination by the Court.

11. The document attached hereto as Exhibit 10 and marked as Deposition Exhibit 335 and marked with Bates No. MW 1313-15 is admissible as a business record pursuant to Fed. R. Evid. 803 (5) and (6).  Nothing in this stipulation is intended to waive any relevancy objection as to the admissibility of Exhibit 10 and the parties stipulate that those objections are reserved for later determination by the Court.

4

STIPULATION

972197.1

12. The document attached hereto as Exhibit 11 and marked as Deposition Exhibit 367 and marked with Bates No. MW 0028 was received by Mr. McElroy on November 20 or 21, 2006.

13. The document attached hereto as Exhibit 12 and marked as Deposition Exhibit 336 was sent by Mr. McElroy to Mr. Okun on November 21, 2006, and is an accurate record of statements made by Mr. McElroy and Mr. Perkins on November 21, 2006, and is admissible as a business record pursuant to Fed. R. Evid. 803 (5) and (6).

DATED: January 14, 2013　　　　LERCH STURMER LLP

By: /s/ Debra Sturmer
Jerome N. Lerch, Esq.
Debra Steel Sturmer, Esq.
Attorneys for Defendant Silicon Valley Law Group

//
//

DATED: January 14, 2013　　　　GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

By: /s/ Michael Devorkin

Michael S. Devorkin, Esq. (*pro hac vice*)
Jacqueline G. Veit, Esq. (*pro hac vice*)
Allyson R. Albert, Esq. (*pro hac vice*)
Attorneys for Plaintiff Gerard A. McHale, Jr., P.A., as Liquidation Trustee for the 1031 Debtors Liquidation Trust

Dated: 1/16/13

IT IS SO ORDERED
Judge Joseph C. Spero
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA