JEROME N. LERCH (CSB #48194)
DEBRA STEEL STURMER (CSB #105276)
LERCH STURMER LLP
333 Bush Street, Ste. 2020
San Francisco, California 94104
Telephone:    (415) 217-6340
Facsimile:    (415) 217-2782

Attorneys for Defendant Silicon Valley Law Group

MICHAEL S.  DEVORKIN
JACQUELINE G. VEIT
ALLYSON ALBERT
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York  10022
Telephone: 212-907-7300
Facsimile:  212-754-0330
Email: mdevorkin@golenbock.com
Email: jveit@golenbock.com
Email: aalbert@golenbock.com

Attorneys for the Plaintiff,
Gerard A.  McHale, Jr., P.A., Liquidation Trustee

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

GERARD A. MCHALE, Jr., P.A., as
Liquidation Trustee for the 1031 Debtors
Liquidation Trust,

                        Plaintiff,

v.

SILICON VALLEY LAW GROUP, a
California Law Corporation,

                        Defendant.

CASE NO. CV10-4864  JW

**STIPULATION WITH RESPECT TO
ROBERT McELROY**

## TRIAL STIPULATION NO. 2

WHEREAS, the Plaintiff has noticed the deposition of Robert McElroy for August 29,

2011, in Richmond, Virginia, and has served a subpoena on Mr. McElroy with respect thereto;

1

972197.1

1     WHEREAS, the undersigned parties agree that the fees and expenses in connection with

2  such a deposition can be avoided by entering into this stipulation with respect to certain documents;

3     THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

4     1.     Mr. McElroy is, and in November 2006 was, a partner in the law firm

5  McGuireWoods, Richmond, Virginia.  In November 2006, Timothy Heaphy was also a partner at

6  McGuireWoods and joined the firm in 2006.  Mr. Heaphy was an assistant United States Attorney

7  before joining McGuireWoods, and in 2010 left McGuireWoods to become the United States

8  Attorney for the Western District of Virginia and still serves in that capacity.

9

10     2.     The document attached hereto as Exhibit 1 and marked as Deposition Exhibit

11  678 (Heaphy 3) and marked with Bates No. MW  1335-1342 is admissible as a business record

12  pursuant to Fed. R. Evid. 803 (5) and (6).

13

14     3.     The document attached hereto as Exhibit 2 and marked as Deposition Exhibit

15  679 (Heaphy 4) and marked with Bates No. MW  0026 is admissible as a business record pursuant

16  to Fed. R. Evid. 803 (5) and (6).   With respect to the statements to Mr. McElroy recorded in

17  Exhibit 2 (i) these are accurate statements of the statements to Mr. McElroy on the date indicated,

18

19  and (ii) all parties reserve their rights as to the admission in evidence of the statements in Exhibit 2

20  made to Mr. McElroy as non-hearsay or an exception to the hearsay rule and as to the relevancy of

21  the evidence, which are reserved for later determination by the Court.

22

23     4.     The memorandum attached hereto as Exhibit 3 and marked as Deposition

24  Exhibit 680 (Heaphy 5) and marked with Bates No. MW  002-03 is admissible as a business record

25  pursuant to Fed. R. Evid. 803 (5) and (6).    With respect to the statements of Mr. Simring recorded

26  in Exhibit 3 (i) these are accurate statements of Mr. Simring's statements to Mr. McElroy on

27  November 21, 2006, and (ii) all parties reserve their rights as to the admission in evidence of Mr.

28

2

972197.1

1  Simring's statements in Exhibit 3 as non-hearsay or an exception to the hearsay rule and as to the

2  relevancy of the evidence, which are reserved for later determination by the Court.

3

4         5.      The document attached hereto as Exhibit 4 and marked with Bates No. MW

5  0004 is admissible as a business record pursuant to Fed. R. Evid. 803 (5) and (6).  With respect to

6  the statements of Mr. Simring recorded in Exhibit 4 (i) these are accurate transcriptions of the

7  telephone message left by Mr. Simring on November 21, 2006, and (ii) all parties reserve their

8  rights as to the admission in evidence of Mr. Simring's statements in Exhibit 4 as non-hearsay or an

9  exception to the hearsay rule, and to the relevancy of the evidence, which are reserved for later

10  determination by the Court.

11

12        6.      The document attached hereto as Exhibit 5 and marked as Deposition Exhibit

13  681 (Heaphy 6) and marked with Bates No. MW 1053-59 is admissible as a business record

14  pursuant to Fed. R. Evid. 803 (5) and (6) to show what Mr. McElroy received from Eric Perkins on

15  November 3, 2006.  Nothing in this stipulation is intended to waive any relevancy objection as to

16  the admissibility of Exhibit 5 and the parties stipulate that those objections are reserved for later

17

18  determination by the Court.

19

20        7.      The document attached hereto as Exhibit 6 and marked as Deposition Exhibit

21  682 (Heaphy 7) and marked with Bates No. MW 00937-952 is admissible as a business record

22  pursuant to Fed. R. Evid. 803 (5) and (6) to show what Mr. McElroy received from David Field on

23  December 2, 2006.  Nothing in this stipulation is intended to waive any relevancy objection as to

24  the admissibility of Exhibit 6 and the parties stipulate that those objections are reserved for later

25  determination by the Court.

26

27        8.      The document attached hereto as Exhibit 7 and marked as Deposition Exhibit

28  683 (Heaphy 8) and marked with Bates No. MW 00851-00887 is admissible as a business record

1    pursuant to Fed. R. Evid. 803 (5) and (6) to show what Mr. McElroy received from David Field on

2    December 2, 2006.  Nothing in this stipulation is intended to waive any relevancy objection as to

3    the admissibility of Exhibit 7 and the parties stipulate that those objections are reserved for later

4    determination by the Court.

5

6           9.      The document attached hereto as Exhibit 8 and marked as Deposition Exhibit

7    684 (Heaphy 9) and marked with Bates No. MW 0060-0066 is admissible as a business record

8    pursuant to Fed. R. Evid. 803 (5) and (6) to show what Mr. McElroy received from David Field on

9    on December 2, 2006.  Nothing in this stipulation is intended to waive any relevancy objection as to

10   the admissibility of Exhibit 8 and the parties stipulate that those objections are reserved for later

11   determination by the Court.

12

13          10.     The document attached hereto as Exhibit 9 and marked as Deposition Exhibit

14   685 (Heaphy 10) and marked with Bates No. MW 0277-0298 is admissible as a business record

15   pursuant to Fed. R. Evid. 803 (5) and (6) to show what Mr. McElroy received from David Field on

16   on December 2, 2006.  Nothing in this stipulation is intended to waive any relevancy objection as to

17   the admissibility of Exhibit 9 and the parties stipulate that those objections are reserved for later

18   determination by the Court.

19

20          11.     The document attached hereto as Exhibit 10 and marked as Deposition

21   Exhibit 335 and marked with Bates No. MW 1313-15 is admissible as a business record pursuant to

22   Fed. R. Evid. 803 (5) and (6).  Nothing in this stipulation is intended to waive any relevancy

23   objection as to the admissibility of Exhibit 10 and the parties stipulate that those objections are

24   reserved for later determination by the Court.

25

26

27

28

4

972197.1

1        12.    The document attached hereto as Exhibit 11 and marked as Deposition

2    Exhibit 367 and marked with Bates No. MW 0028 was received by Mr. McElroy on November 20

3    or 21, 2006.

4

5        13.    The document attached hereto as Exhibit 12 and marked as Deposition

6    Exhibit 336 was sent by Mr. McElroy to Mr. Okun on November 21, 2006, and is an accurate

7    record of statements made by Mr. McElroy and Mr. Perkins on November 21, 2006, and is

8    admissible as a business record pursuant to Fed. R. Evid. 803 (5) and (6).

9

10

11    DATED:  January 14, 2013        LERCH STURMER LLP

12

13

14                    By:_____/s/__Debra Sturmer_____

                        Jerome N. Lerch, Esq.

15                    Debra Steel Sturmer, Esq.

                        Attorneys for Defendant Silicon Valley

16                    Law Group

17    //

18    //

19    DATED:  January 14, 2013        GOLENBOCK EISEMAN ASSOR

                        BELL & PESKOE LLP

20

21                    By:_____/s/ Michael Devorkin_____

22                    Michael S. Devorkin, Esq. (*pro hac vice*)

23                    Jacqueline G. Veit, Esq. (*pro hac vice*)

                        Allyson R. Albert, Esq. (*pro hac vice*)

24                    Attorneys for Plaintiff Gerard A. McHale, Jr.,

                        P.A., as Liquidation Trustee for the 1031

25                    Debtors Liquidation Trust

26    Dated: 1/16/13

27

28

       UNITED STATES DISTRICT COURT

       IT IS SO ORDERED

       Judge Joseph C. Spero

       NORTHERN DISTRICT OF CALIFORNIA

5

972197.1