**AMENDED JURY INSTRUCTION NO. 36**

**Agency in Dispute**

Edward Okun, as the sole member of 1031 Tax Group LLC, was the sole owner of 1031 Tax Group, which entity owned 1031 Advance, Inc. as of December 19, 2006. Edward Okun was not an officer or employee of 1031 Advance, Inc.

Silicon Valley Law Group contends that the acts and omissions of Edward Okun are the acts and omissions of 1031 Advance, Inc. for purposes of proving the comparative fault, if any, of 1031 Advance, Inc. To establish this, Silicon Valley Law Group must prove by a preponderance of the evidence all of the following:

1. Edward Okun dominated and controlled 1031 Advance, Inc. such that Edward Okun and 1031 Advance, Inc. were, in reality, no longer separate, taking into account the following factors:
    a. Whether Edward Okun was the sole shareholder of 1031 Advance, Inc.;
    b. Whether Edward Okun comingled the assets of 1031 Advance with his personal assets;
    c. Whether corporate formalities were disregarded;
    d. Whether 1031 Advance, Inc. was inadequately capitalized; and
    e. Whether 1031 Advance, Inc. was used as a mere shell, instrumentality or conduit for the business of Edward Okun.
2. Treating conduct of Edward Okun and the corporation as those of separate entities would produce an unjust or inequitable result; and
3. All relevant decision makers of 1031 Advance, Inc. were engaged in intentional misconduct.