UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERARD A MCHALE,

          Plaintiff,

      v.

SILICON VALLEY LAW GROUP,

          Defendant.

Case No.  10-cv-04864-JCS

**FINAL JURY INSTRUCTIONS**

Dated: September 16, 2013

_____

JOSEPH C. SPERO
United States Magistrate Judge

**JURY INSTRUCTION NO. 1**

**Duty of Jury**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.  Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. 2**

**Corporations and Partnerships – Fair Treatment**

The defendant Silicon Valley Law Group is a corporation.

The plaintiff Gerard A. McHale, Jr., P.A. is a professional association of which Mr. McHale is the president.  The plaintiff is the trustee for the 1031 Debtors Liquidation Trust, which has been referred to as the Trustee.  The Liquidation Trust is the successor in interest to six corporations that filed for bankruptcy and are known as the 1031 Debtors.  As you have heard, one of those companies is 1031 Advance, Inc., a California corporation that declared bankruptcy in 2007, and then became a debtor.  The Trustee succeeds to all the rights and liabilities of 1031 Advance, Inc., and therefore stands in the position of 1031 Advance Inc. in this case.

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Similarly, a law firm, a bankrupt corporation, and a debtor, and a professional association, and a liquidation trust, and a trustee like Mr. McHale, are equal before the law and are entitled to the same fair and conscientious consideration by you as any party.

United States District Court
Northern District of California

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 3**

**Defenses Applicable to Bankruptcy Trustee**

The Trustee here stands in the same position as 1031 Advance with the same rights, defenses, and liabilities.  Silicon Valley Law Group can assert the same defenses against the Trustee as it could assert against 1031 Advance.  The fact that the Trustee is an innocent successor does not change how SVLG's defenses apply to 1031 Advance.

**JURY INSTRUCTION NO. 4**

**Claims and Defenses**

I will give you a brief summary of the positions of the parties.

Plaintiff's Contentions:

In this case, 1031 Advance, Inc. engaged the law firm Silicon Valley Law Group to represent it in a transaction involving the sale of 1031 Advance, Inc. 1031 Advance, Inc. was Silicon Valley Law Group's client. The Plaintiff is the Trustee for 1031 Advance, Inc., which is now in bankruptcy, and can assert the same claims that 1031 Advance, Inc. may assert.

Plaintiff claims that 100% of the shares of the stock of 1031 Advance, Inc. was sold to a company known as 1031 Tax Group, Inc. Plaintiff claims that 1031 Tax Group improperly took more than $30 million of funds belonging to 1031 Advance, Inc. and used those funds for improper purposes. Plaintiff claims that this loss of money was caused by the negligence of Silicon Valley Law Group.

Defendant's Contentions:

The defendant Silicon Valley Law Group denies plaintiff's claim. Silicon Valley Law Group denies that its representation of 1031 Advance, Inc. in the sales transaction was negligent.

The defendant Silicon Valley Law Group has asserted certain affirmative defenses on which it has the burden of proof. Silicon Valley Law Group can assert against the Trustee the same defenses as it could assert against 1031 Advance, Inc.

Silicon Valley Law Group asserts as a first affirmative defense that Silicon Valley Law Group is relieved of liability for plaintiff's damage because such damages were caused by criminal misconduct of Edward Okun.

Silicon Valley Law Group's second affirmative defense is that if it is found liable for negligence, its liability should be reduced to the extent that Silicon Valley Law Group proves that damages were caused by the comparative negligence of 1031 Advance, Inc.

Plaintiff denies Silicon Valley Law Group's affirmative defenses.

**JURY INSTRUCTION NO. 5**

**Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 6**

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the parties have agreed.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 7**

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

# JURY INSTRUCTION NO. 8

## Evidence for Limited Purpose

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 9

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 10

## Ruling on Objections

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.

Whenever I have sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 11

## Credibility of Witness

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness has said, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 12**

**Stipulations of Fact**

The parties have agreed to certain facts that have been placed in evidence in an exhibit or read to you.  You should therefore treat these facts as having been proved.

**JURY INSTRUCTION NO. 13**

**Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of certain witnesses were taken in this case. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Some may be shown by videotape and some may be read. If any testimony is read during the trial, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

United States District Court
Northern District of California

14

**JURY INSTRUCTION NO. 14**

**Impeachment Evidence – Witness**

The evidence that a witness has been convicted of a crime, lied under oath on a prior occasion, or has given inconsistent testimony or statements on a prior occasion or on the witness stand may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 15**

**Use of Interrogatories of a Party, Requests to Admit, or Answers of a Party**

Evidence was presented to you in the form of answers to the complaint and answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and in some cases under oath, before the actual trial, in response to the complaint or to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**JURY INSTRUCTION NO. 16**

**Expert Opinion**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 17**

**Experts – Questions Containing Assumed Facts**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**JURY INSTRUCTION NO. 18**

**Charts and Summaries not received in Evidence**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 19**

**Charts and Summaries in Evidence**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**JURY INSTRUCTION NO. 20**

**Liability of Corporations**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

United States District Court
Northern District of California

1

2

**JURY INSTRUCTION NO. 21**

**Agents of Silicon Valley Law Group**

3        James Chapman was a shareholder of Silicon Valley Law Group and Michael Schachter

4   was an employee there.  They were agents of the defendant Silicon Valley Law Group through

5   February 14, 2007, when they joined another law firm.  Therefore, through February 14, 2007, any

6   acts or omissions of Mr. Chapman or Mr. Schachter were the acts or omissions of Silicon Valley

7   Law Group.  You should give no consideration to the fact that Mr. Chapman and Mr. Schachter

8   were not named as defendants.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 22**

**Negligence – Essential Factual Elements**

The Trustee claims that 1031 Advance Inc. was harmed by Silicon Valley Law Group's legal negligence or malpractice.  Malpractice is another name for legal negligence or negligence by an attorney.  To establish this claim, the Trustee must prove all of the following:

1.   That Silicon Valley Law Group was negligent in the handling of transaction for the sale of the company to 1031 Tax Group, Inc.; and

2.   That 1031 Advance, Inc. was harmed by the negligent handling of the transaction.

3.   That the negligent handling of this work was a substantial factor in causing the harm to 1031 Advance, Inc.

United States District Court
Northern District of California

23

**JURY INSTRUCTION NO. 23**

**Negligence – Standard of Care and Duties**

An attorney is negligent if he fails to use the skill and care that a reasonably careful attorney would have used in similar circumstances.  This level of skill, knowledge, and care is sometimes referred to as "the standard of care."

You must determine the level of skill and care that a reasonably careful lawyer would use in similar circumstances based on the testimony of the expert witnesses who have testified in this case.

# JURY INSTRUCTION NO. 24

## Duty of Specialist

An attorney who holds himself out as a specialist in a particular field of law has the duty, (1) to have the knowledge and skill ordinarily possessed, and (2) to use the care and skill ordinarily used, by reputable specialists practicing in the same field under similar circumstances.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 25**

**Damages for Negligent Handling of Legal Matter**

To recover damages from Silicon Valley Law Group, the Trustee must prove that 1031 Advance, Inc. would have obtained a better result if Silicon Valley Law Group had acted as a reasonably careful attorney.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JURY INSTRUCTION NO. 26

### Success Not Required

A lawyer is not necessarily negligent just because his or her efforts are unsuccessful or he or she makes an error that was reasonable under the circumstances.  A lawyer is negligent only if he or she was not as skillful, knowledgeable, or careful as another reasonable lawyer would have been in similar circumstances.

**JURY INSTRUCTION NO. 27**

**Alternative Legal Decisions or Strategies**

An attorney is not necessarily negligent just because he or she follows one course of action or makes a recommendation and it turns out that another course of action or another recommendation would have been a better choice.

**JURY INSTRUCTION NO. 28**

**Duration of Professional Negligence**

Once an attorney has undertaken to serve a client, the employment and duty as an attorney continues until the matter for which the attorney was employed has been concluded.  However, a party is responsible for damages caused by his negligence even if the damages occur after the duty has ended.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 29**

**Causation: Substantial Factor**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 30**

**Causation: Multiple Causes**

A person's negligence may combine with another factor to cause harm.  If you find that Silicon Valley's negligence was a substantial factor in causing harm to 1031 Advance, Inc., then Silicon Valley is responsible for the harm.  Silicon Valley cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing harm to 1031 Advance, Inc., unless the criminal conduct of Edward Okun was a superseding cause of the harm.

I instruct you on superseding cause in the next instruction.

**JURY INSTRUCTION NO. 31**

**Affirmative Defense−Causation: Act of Third Party as Superseding Cause**

I will now instruct you on Silicon Valley Law Group's affirmative defense of superseding cause.  Silicon Valley Law Group claims that it is not responsible for 1031 Advance, Inc.'s harm because of the later conduct of Edward Okun.

To establish that Silicon Valley Law Group is not responsible for 1031 Advance, Inc.'s harm, Silicon Valley Law Group must prove all of the following by a preponderance of the evidence:

1.   That conduct of Edward Okun occurred after the conduct of Silicon Valley Law Group;

2.   That a reasonable person would consider Edward Okun's conduct as highly unusual or an extraordinary response to that situation;

3.   That Silicon Valley Law Group did not know and had no reason to expect that Edward Okun would act in a wrongful manner;

4.   That the kind of harm resulting from Edward Okun's conduct was different from the kind of harm that could have been reasonably expected from Silicon Valley Law Group's conduct; and

5.   That Edward Okun's conduct was a substantial factor in causing the damage to 1031 Advance or some portion of it.

6.   If you find that Silicon Valley Law Group has proven the first 5 elements, you must make a finding of how much, if any, of the damages of 1031 Advance were caused by the superseding misconduct because the superseding misconduct is only a defense as to that amount.

**JURY INSTRUCTION NO. 32**

**Introductory Instruction to Defendant's Affirmative Defense Regarding Comparative**

**Negligence and the Fault of Others**

I will now instruct you on Silicon Valley Law Group's affirmative defense of comparative fault.  Silicon Valley Law Group contends that 1031 Advance, Inc. was comparatively negligent and contributed to 1031 Advance, Inc.'s alleged harm.

The next instruction addresses the elements of comparative negligence that must be proven by Silicon Valley Law Group.  These elements do not apply to the Trustee's claim that Silicon Valley Law Group committed negligence.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 33**

**Comparative Fault of Plaintiff**

Silicon Valley Law Group claims that 1031 Advance Inc.'s own negligence contributed to its harm.  To succeed on this claim, Silicon Valley Law Group must prove both of the following by a preponderance of the evidence:

    1.   That 1031 Advance Inc. was negligent; and

    2.   That 1031 Advance Inc.'s negligence was a substantial factor in causing its harm.

If Silicon Valley Law Group proves the above, 1031 Advance's damages are reduced by your determination of the percentage of 1031 Advance's responsibility.  If you find that the fault of Silicon Valley Law Group and 1031 Advance were substantial factors in causing 1031 Advance's harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each entity.  The percentages must total 100 percent.

You will make a separate finding of 1031 Advance's total damages, if any.  In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.  I will calculate the actual reduction.

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.  A person can be negligent by acting or by failing to act.  A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.  You must decide how a reasonably careful person would have acted in the situation of 1031 Advance.

"Person" can mean an individual or a business entity.

**JURY INSTRUCTION NO. 34**

**Agent and Principal**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  The other person is called a principal.

"Person" can mean an individual or a business entity.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 35**

**Act of Agent is Act of Principal − Scope of Authority Not in Issue**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

Janet Dashiell as President of 1031 Advance and Steven Allred as an officer of 1031 Advance were agents of 1031 Advance.  Any act or omission of Janet Dashiell or Steven Allred within the course of their duties as officers was an act or omission of 1031 Advance.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 36**

**Damages**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's negligence claim, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

In determining the measure of damages, you should consider the nature and extent of the injuries only to the entity 1031 Advance, Inc. and to its property.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 37

## Settlement Deduction

You have heard evidence that the Trustee has settled claims against others.  To the extent this issue arose with respect to a settlement by any witness, this was offered solely on the issue of the credibility, bias, or prejudice of any witness who testified to his or her settlement.  You must not consider the settlement to determine responsibility for any harm.   Any award of damages to the Trustee should be made without considering any amount that the Trustee may have received under such settlements.  Any consideration of this on the award of damages is solely a question for the Court and should not be considered by you.  I will make the proper deduction from any award of damages.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 38**

**Duty to Deliberate**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# JURY INSTRUCTION NO. 39

## Consideration of Evidence – Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 40**

**Communications with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through Ms. Karen Hom, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. 41**

**Return of Verdict**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

United States District Court
Northern District of California