```
 1  Jerome N. Lerch, Esq. (CSB #48194)
    Debra Steel Sturmer, Esq. (CSB #105276)
 2  LERCH STURMER LLP
    425 California Street, Ste. 2400
 3  San Francisco, California 94104
    Telephone:   (415) 217-6340
 4  Facsimile:   (415) 217-2782
    Email: jlerch@lerchsturmer.com
 5         dsturmer@lerchsturmer.com

 6  Attorneys for Defendant Silicon Valley Law Group
```

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| GERARD A. MCHALE, Jr., P.A., as Liquidation Trustee for the 1031 Debtors Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>SILICON VALLEY LAW GROUP, a California Law Corporation,<br>Defendant. | CASE NO. CV10-4864 JCS<br><br>STIPULATION AND [~~PROPOSED~~] JUDGMENT ON JURY VERDICT |

The parties hereby submit the following stipulated form of Judgment on Jury Verdict:

This cause came on regularly for jury trial commencing on August 26, 2013 and concluding on September 17, 2013. Michael Devorkin and Jacqueline Veit of Golenbock Eieseman Assor Bell & Peskoe LLP appeared as counsel for the plaintiff Gerard A. McHale, Jr., P.A., as Liquidation Trustee for the 1031 Debtors Liquidation Trust. Jerome Lerch, Debra Sturmer and Jason Balogh of Lerch Sturmer LLP appeared as counsel for defendant Silicon Valley Law Group. A jury of 10 persons was duly accepted, impaneled, and sworn to try the case. Witnesses were sworn and examined.

After hearing the evidence, the arguments of counsel, and instructions of the Court, the case was submitted to the jury and the jury retired to deliberate. The jury subsequently returned to court and rendered the following verdict:

[A copy of the verdict is attached hereto.]

Accordingly, NOW, THEREFORE IT IS ORDERED, ADJUDGED AND DECREED that Judgment be entered in favor of Defendant Silicon Valley Law Group and that Plaintiff shall take nothing by its Complaint. Defendant Silicon Valley Law Group is entitled to recover its costs according to proof.

IT IS SO STIPULATED:

DATE: December ____, 2013

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

By: Michael S. Devorkin
Attorneys for Plaintiff

DATE: Decemeber 4, 2013

LERCH STURMER LLP

By: Jerome N. Lerch
Attorneys for Defendant

IT IS SO ORDERED.

DATE: December 5, 2013

_____
Joseph C. Spero
Magistrate Judge
United States District Court
for the Northern District of California

Case3:10-cv-04864-JCS Document246 Filed09/17/13 Page1 of 10
Case3:10-cv-04864-JCS Document240 Filed09/16/13 Page1 of 9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERARD A MCHALE,

    Plaintiff,

v.

SILICON VALLEY LAW GROUP,

    Defendant.

Case No. 10-cv-04864-JCS

**FILED**

SEP 1 7 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

**FINAL VERDICT FORM**

Dated: September 16, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge

Case3:10-cv-04864-JCS Document246 Filed09/17/13 Page2 of 10

FILED

SEP 17 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this Court as our verdict in this case.

1. Do you find that Plaintiff GERARD A. McHALE, P.A., TRUSTEE OF THE 1031 DEBTORS LIQUIDATING TRUST (the "BANKRUPTCY TRUSTEE"), has proved by the preponderance of the evidence that SILICON VALLEY LAW GROUP was negligent?

   _____ Yes         __X__ No

If your answer to Question 1 is "Yes," please answer Question 2. If your answer to Question 1 is "No," do not answer any further questions. Please have the Jury Foreperson sign and date this Verdict Form and return it to Ms. Karen Hom.

2

2. Do you find that BANKRUPTCY TRUSTEE has proved by a preponderance of the evidence that SILICON VALLEY LAW GROUP's negligence was a substantial factor in causing harm to 1031 Advance?

\_\_\_\_ Yes          \_\_\_\_ No

If your answer to Question 2 is "Yes," please answer Question 3. If your answer to Question 2 is "No," do not answer any further questions. Please have the Jury Foreperson sign and date this Verdict Form and return it to Ms. Karen Hom.

3

3. What amount of money do you find to be the monetary damage sustained by 1031 Advance, Inc. which the BANKRUPTCY TRUSTEE has proved by the preponderance of the evidence?

$ _____

Please answer Question 4.

4

Case3:10-cv-04864-JCS Document246 Filed09/17/13 Page6 of 10
Case3:10-cv-04864-JCS Document240 Filed09/16/13 Page5 of 9

4. Comparative fault: Do you find that SILICON VALLEY LAW GROUP has proved by a preponderance of the evidence that 1031 Advance was negligent?

\_\_\_\_ Yes      \_\_\_\_ No

If your answer to Question 4 is "Yes," please answer Question 5. If your answer to Question 4 is "No," please go directly to Question 7.

5

5. **Comparative Fault:** Do you find that SILICON VALLEY LAW GROUP has proved by a preponderance of the evidence that 1031 Advance's negligence was a substantial factor in causing harm to 1031 Advance?

_____ Yes _____ No

If your answer to Question 5 is "Yes," please answer Question 6. If your answer to Question 5 is "No," please go directly to Question 7.

Case3:10-cv-04864-JCS Document280 Filed12/05/13 Page10 of 12
Case3:10-cv-04864-JCS Document246 Filed09/17/13 Page8 of 10
Case3:10-cv-04864-JCS Document240 Filed09/16/13 Page7 of 9

6. What percentage of responsibility for 1031 Advance's harm do you assign to:

SILICON VALLEY LAW GROUP _____%

1031 ADVANCE, INC. _____%

Please answer Question 7.

7

7. Do you find that SILICON VALLEY LAW GROUP has proved by a preponderance of the evidence that the conduct of Edward Okun was a superseding cause of 1031 Advance's damage?

_____ Yes          _____ No

If your answer to Question 7 is "No" do not answer any further questions. Please have the Jury foreperson sign and date this verdict form and return it to Ms. Karen Hom. If your answer to Question 7 is "Yes," please answer Question 8.

8

8. How much of the monetary damage you found in response to Question 3 was caused by the superseding conduct of Edward Okun?

$ _____

DATE 9/17/13                    SIGNATURE OF FOREPERSON _____